United States District Court
Southern District of Texas
**ENTERED**
January 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROCKY LOPEZ, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-3307 |
| | § | |
| BOBBY LUMPKIN, TDCJ-CID DIRECTOR, | § | |
| ET AL., | § | |
| *Defendants*. | § | |

**MEMORANDUM AND ORDER**

The parties in this prisoner civil rights case consented to the jurisdiction of the Magistrate Judge for all purposes. ECF 6, 17, 22. The Court issued a Memorandum and Order on November 22, 2022 granting Defendants' Motion for Summary Judgment and dismissing this case with prejudice. ECF 34. Plaintiff filed "Plaintiff's Opposition to Magistrate's Recommendation" on December 9, 2022. ECF 35. Because the parties consented to the jurisdiction of the Magistrate Judge, the November 22, 2022 Memorandum and Order was a final judgment, not a recommendation. Therefore, the Court construes Plaintiff's opposition, filed within 28 days of the Memorandum and Order, as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). *Alexander v. Wells Fargo Bank, N.A.*, No. CV H-15-1596, 2018 WL 1629143, at *2 (S.D. Tex. Apr. 4, 2018) ("A motion for a new trial following a summary judgment is treated as a motion to reconsider entry of summary judgment under Federal Rule of Civil Procedure 59(e).").

A motion under Rule 59(e) seeks to alter or amend a previous judgment entered by the court and is an "extraordinary" remedy to be used sparingly. *Budri v. FirstFleet, Inc.*, 860 F. App'x 306, 308 (5th Cir. 2021) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present

newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted).  A manifest error of law is an error "that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *iiiTec Ltd. v. Weatherford Tech. Holdings, LLC*, No. CV H-19-3386, 2022 WL 138030, at *9 (S.D. Tex. Jan. 14, 2022) (citations omitted).  A motion under Rule 59(e) based on new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching. *Montgomery v. Wells Fargo Bank, NA*, 459 F. App'x 424, 429 (5th Cir. 2012) (quotations omitted).

      Plaintiff's opposition does not establish a manifest error of law and it is not based on new evidence that was not available prior to entry of summary judgment.  Plaintiff simply re-urges his arguments and disagrees with the Court's conclusions.  Therefore, Plaintiff's motion for reconsideration is **DENIED.**

Signed on January 20, 2023, at Houston, Texas.

                                                  Christina A. Bryan
                                         United States Magistrate Judge